UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaSHAWN TAYLOR,<br><br>           Petitioner,<br>vs.<br><br>FRANCISCO JACQUEZ,<br><br>           Respondent. | Case No. CV 09-5496-JSL(RC)<br><br>OPINION AND ORDER ON A<br>PETITION FOR HABEAS CORPUS |

On July 28, 2009, petitioner LaShawn Taylor, a person in state custody proceeding through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his **1991** conviction and sentence for kidnapping, robbery, rape, attempted murder and other offenses in Los Angeles Superior Court case no. BA002633. Petition at 2. The petition shows on its face petitioner appealed his judgment to the California Court of Appeal, but did not seek review in the California Supreme Court. Petition at 3. Further, petitioner has not sought habeas relief in the California Supreme Court. Petition at 4.

//
//

**DISCUSSION**

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. §§ 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842-43, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999); Rose v. Lundy, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 1201-02, 71 L. Ed. 2d 379 (1982); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 984-85 (9th Cir.), cert. denied, 119 S. Ct. 274 (1998). "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971) (internal quotation marks, citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119 S. Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Lundy, 455 U.S. at 518, 102 S. Ct. at 1203.

Here, petitioner did not petition the California Supreme Court for review and has not petitioned the California Supreme Court for collateral relief. Since petitioner's claims have not been exhausted in the state courts, the pending habeas petition must be dismissed without prejudice. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546, 2554-55, 115 L. Ed. 2d 640 (1991); Lundy, 455 U.S. at 522, 102 S. Ct. at 1205.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The instant petition shows that petitioner has not exhausted his state court remedies regarding the claims in the pending petition; thus, the petition must be dismissed without prejudice.[1]

**ORDER**

IT IS ORDERED that Judgment be entered DISMISSING without prejudice the petition for writ of habeas corpus.

IT IS FURTHER ORDERED that the Clerk of Court shall notify petitioner of the dismissal without prejudice.

DATE: 8/10/09

_J. SPENCER LETTS_
SENIOR UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: July 29, 2009

_ROSALYN M. CHAPMAN_
UNITED STATES MAGISTRATE JUDGE

---

[1] Since it appears to the Court that the petition is untimely under The Antiterrorism and Effective Death Penalty Act of 1996, which has a one-year statute of limitations, 28 U.S.C. § 2244(d), it would probably be futile for petitioner to now attempt to exhaust his claims.

R&Rs-MDOs\09-5496.mdo
7/29/09